WILLIAM NICHOLS

*v.*

WILLIAM B. BRADSBY.

1. INSTRUCTIONS. It is improper to give an instruction where there is no evidence to which it is applicable.

2. CONSIDERATION—*settlement of a disputed claim.* Where there was a claim made by one party that a deed for land, executed by him to another, was only in the nature of a security for a debt, and that he was entitled to the surplus of the proceeds of the sale of the land, over the amount of his indebtedness, and the other party claimed that the deed was absolute, and not by way of security, and the parties settled the controversy by dividing the surplus, it was *held,* that there was sufficient consideration to support the settlement.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. JAMES M. DILL, for the appellant.

Messrs. C. W. & E. L. THOMAS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The claim made by appellee is, that, being indebted to appellant for money loaned, and usurious interest thereon, to the amount of $2450, for which he executed and delivered to him, on the 21st of October, 1869, his promissory note, payable fifteen months after date, he, at the same time, also exe-

cuted and delivered to appellant his warranty deed for a certain tract of land in St. Clair county; that this deed was, in fact, only intended to secure the payment of the note, and that appellant, at the time of the making of the deed, executed and delivered to appellee a bond, obligating himself to reconvey the land to appellee upon the payment of the note. Appellant admits the execution of the deed and a bond, but claims that the land was absolutely sold and conveyed to him, and that the bond was merely an obligation binding him to re-sell and convey to appellee, for a stipulated price, within fifteen months. He denies that any promissory note was given, or that there was any subsisting indebtedness from appellee to himself, to be recognized after the conveyance of the land.

Appellee failed to redeem, or repurchase, as the case may have been, within the fifteen months; and, in February or March, 1871, appellant sold and conveyed the land to one Schaefer, for $3275. By the agreement of the parties, appellee remained in possession of the land, and, after the sale to Schaefer, he refused to surrender possession to him until he could have a settlement with appellant. Shortly thereafter, appellee met and had a settlement with appellant, when appellant paid him $400, being what they estimated as one-half of the excess in price for which appellant sold the land to Schaefer beyond what it was estimated at in the conveyance of appellee to appellant. Appellee then surrendered the possession of the land to Schaefer, and repeatedly declared to others that he and appellant had settled.

Appellee claims that the bond and note were exchanged between himself and appellant after the conveyance to Schaefer, while appellant, admitting that the bond was then returned to him, denies that he returned the note to appellee, or that he ever had any note from him. Neither the bond nor the note was produced on the hearing—each party claiming to have mislaid or lost that in his possession, so that he was unable to find it.

Appellee brought suit in assumpsit to recover the excess in the price for which appellant sold the land to Schaefer, above the amount of his indebtedness to appellant.

The verdict of the jury, upon which the court gave judgment, was in favor of appellee, for $498.94.

The court, at the instance of the appellee, gave to the jury this instruction:

"The court instructs the jury that even if they believe, from the evidence, that Nichols paid Bradsby some money after this cause of action, if there is one, accrued, and that Bradsby remarked 'that settles it,' or words to that effect, and that the sum so paid was not as much as Bradsby has proved to be due him at the time of the payment, this constitutes no settlement or release of said cause of action, unless Bradsby and Nichols both clearly and fully understood at the time that the sum so paid should be in full of all claims included in this action, and were both fully informed of their rights and claims against each other, and had them in mind at the time, and intended to settle them all, and if Bradsby understood one thing and Nichols another, the payment is not to be considered by the jury to be a settlement."

We are of opinion this instruction was improperly given. We have, in vain, looked through the record to find any evidence to which it is applicable. No witness shows there was any mistake or misapprehension by appellee as to his rights when the settlement was made. Appellant says that he paid the $400, not because he recognized any previous agreement binding him so to do, but because he did not care to keep all he had made on the land. Appellee, in his evidence, makes no allusion to, or attempt to explain, the settlement. That he was, at the time, satisfied with it, is proved by several witnesses, one of whom, besides appellant, was present when it was made, and others swear to his declarations that he and appellant had settled, unaccompanied by any words of reservation or complaint; and, also, by the fact that he thereupon

surrendered the bond which he held against appellant for a conveyance and the possession of the land.

Waiving the question whether, under the facts proved by appellee, assumpsit for money had and received to his use, by appellant, will lie, we are clearly of opinion that the evidence of this settlement between the parties is such as to preclude appellee from recovering.

It may be, indeed, if it were clearly proved that appellant was trustee for appellee, the evidence would be insufficient; but that is not conceded, and seems to have been one of the points in dispute between the parties when the settlement was made.

Appellee claims that, by the terms of his agreement with appellant, he was to have any surplus for which the land sold, beyond the amount of his debt, and interest, to appellant. Appellant, on the contrary, denies the agreement, and claims the conveyance to him was absolute, and unaccompanied by conditions.

There was surely enough doubt here, as to the rights of the parties, to form a sufficient consideration for a contract, and if so, upon what ground shall their adjustment be disturbed? We do not feel at liberty to presume, in the absence of evidence, that appellee was ignorant of the strength of his claim against appellant, or that he was overreached in making the settlement.

We think the judgment should be reversed and the cause remanded.

*Judgment reversed.*